IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02362-BNB

JEREMIAH CLAUDE ALLSUP,

    Applicant,

v.

STEVE HARTLEY, Warden of Fremont, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 6 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Jeremiah Claude Allsup, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fremont Correctional Facility. Mr. Allsup has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the application liberally because Mr. Allsup is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Allsup will be ordered to file an amended application.

Mr. Allsup is challenging the validity of his conviction and sentence in El Paso County District Court case number 07CR4932. However, he fails to provide a clear and concise statement of his claims either in the application itself, which is only nine pages long, or in the additional documents that he has submitted to the court with the application. As a result, it is not clear to the Court what federal constitutional claims Mr.

Allsup may be raising in the application or how his federal constitutional rights allegedly have been violated.

Because the application is deficient, Mr. Allsup will be ordered to file an amended application if he wishes to pursue his claims in this action. Pursuant to Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Allsup must "specify all [available] grounds for relief." Pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, he must "state the facts supporting each ground." Mr. Allsup is advised that the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Furthermore, Mr. Allsup may not merely assert conclusory claims for relief and expect the court to sift through many pages of exhibits in an effort to determine the factual basis for each claim being asserted. Accordingly, it is

ORDERED that Mr. Allsup file **within thirty (30) days from the date of this order** an amended application for a writ of habeas corpus that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Allsup, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Allsup fails to file an amended application for a

writ of habeas corpus that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02362-BNB

Jeremiah Claude Allsup
~~Prisoner No. 141867~~
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/6/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk