IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02362-BNB

JEREMIAH CLAUDE ALLSUP,

    Applicant,

v.

STEVE HARTLEY, Warden of Fremont, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN SUTHERS,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 25 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Jeremiah Claude Allsup, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fremont Correctional Facility. Mr. Allsup initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On October 6, 2009, Magistrate Judge Boyd N. Boland determined that the application was deficient because Mr. Allsup failed to provide a clear and concise statement of his claims, and because it was not clear what federal constitutional claims Mr. Allsup was attempting to raise. Accordingly, Magistrate Judge Boland ordered Mr. Allsup to file an amended application within thirty days. Mr. Allsup filed his amended application on October 21, 2009.

The Court must construe the amended application liberally because Mr. Allsup is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended application and this action will be dismissed.

As Magistrate Judge Boland informed Mr. Allsup in the October 6, 2009, Order for an Amended Application, pursuant to Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Allsup must "specify all [available] grounds for relief." In addition, pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Allsup must "state the facts supporting each ground." Mr. Allsup was advised by Magistrate Judge Boland that the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005).

However, the Court notes that the Amended Application is nearly identical to the original Application. Although Mr. Allsup is challenging the validity of his conviction and sentence in El Paso County District Court case number 07CR4932, he fails to provide a clear and concise statement of his claims either in the application itself, which is only nine pages long, or in the additional documents that he has submitted to the court with the application. As a result, it is not clear to the Court what federal constitutional claims Mr. Allsup may be raising in the application or how his federal constitutional rights allegedly have been violated.

For instance, in his first claim, Mr. Allsup appears to assert that his true name does not appear on any of the paper filings from the state court in which he was convicted. Application at 17. He also asserts that he is a "natural, free-born American," with "Sovereign Status." *Id.* at 18. In his second claim, Mr. Allsup appears to assert

2

that the state court lacked jurisdiction over him because his "true Appellation [was not] spelled in proper upper and lower case lettering." *Id.* at 19. In his third claim, Mr. Allsup asserts that he is a "tort feasor," and attempts to reserve his rights pursuant to the Uniform Commercial Code. *Id.* at 21.

Mr. Allsup makes brief references to the Fifth and Fourteenth Amendments in the amended application. Nonetheless, naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Furthermore, Mr. Allsup may not merely assert conclusory claims for relief and expect the court to sift through many pages of exhibits in an effort to determine the factual basis for each claim being asserted. Mr. Allsup's allegations are vague, conclusory and do not appear to assert federal constitutional claims. Accordingly, it is

ORDERED that the amended application is denied and the action dismissed without prejudice for failure to comply with the October 6, 2009, order for an amended application.

DATED at Denver, Colorado, this 25 day of November, 2009.

BY THE COURT:

*/s/ Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02362-BNB

Jeremiah Claude Allsup
Prisoner No. 141867
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/25/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk